FILED

2013 MAR 25  AM 10: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  Frank M. Liberatore (SBN 119976)
   LiberatF@jacksonlewis.com
2  Jaclyn P. Floryan (SBN 266461)
   Jaclyn.floryan@jacksonlewis.com
3  JACKSON LEWIS LLP
   725 South Figueroa Street, Suite 2500
4  Los Angeles, California 90017-5408
   Tel:  (213) 689-0404
5  Fax:  (213) 689-0430

6  Attorneys for Defendant
   LESLIE'S POOLMART, INC.
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                                    CV13-02122-CAS(CWx)

11  KEITH CUNNINGHAM, an individual, on )   CASE NO.:
    behalf of himself and on behalf of all )
12  persons similarly situated,          )   **NOTICE OF REMOVAL OF ACTION**
                                         )   **TO THE UNITED STATES DISTRICT**
13              Plaintiff,               )   **COURT FOR THE CENTRAL**
                                         )   **DISTRICT OF CALIFORNIA**
14        vs.                            )   **PURSUANT TO 28 U.S.C. §§ 1331,**
                                         )   **1441(a) AND (c) FEDERAL QUESTION**
15  LESLIE'S POOLMART, INC., a Delaware )
    Corporation; and Does 1 through 50,  )   (Filed concurrently with Notice of
16                                       )   Interested Parties and Civil Case Cover
                Defendants.              )   Sheet)
17                                       )
                                         )
18

19        TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT

20  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

21        PLEASE TAKE NOTICE that Defendant Leslie's Poolmart, Inc. ("Defendant")

22  hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331,

23  1441(a) and 1441(c) and removes the above-entitled action to this Court from the

24  Superior Court of the State of California for the County of Los Angeles.

25                         **BACKGROUND**

26        1.    On February 13, 2013, Plaintiff Keith Cunningham ("Plaintiff") filed a civil

27  complaint against Defendant in the Superior Court of the State of California for the

28  County of Los Angeles entitled <u>Keith Cunningham v. Leslie's Poolmart, Inc.; and Does 1</u>

1 | through 50, Case No. BC500796, which sets forth the following five causes of action:
2 | (1) Unfair Competition in Violation of Cal. Bus & Prof. Code §§ 17200, *et seq.*;
3 | (2) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510, *et seq.*;
4 | (3) Failure to Provide Accurate Itemized Statements in Violation of Cal. Lab. Code
5 | § 226; (4) Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201,
6 | 202 and 203; and (5) Failure to Pay Overtime Compensation in Violation of 29 U.S.C.
7 | §§ 201, *et seq.* ("Complaint").

8 |     2.    Defendant was served with a copy of Plaintiff's Summons and Complaint on
9 | February 21, 2013.  A true and correct copy of the Complaint and other related court
10 | documents received by Defendant is attached as Exhibit "A."

11 |     3.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies
12 | that a copy of this Notice of Removal and all supporting papers promptly will be served
13 | on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court.
14 | Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

15 | **TIMELINESS OF REMOVAL**

16 |     4.    This Notice of Removal has been filed within thirty (30) days after
17 | Defendant was served with a copy of Plaintiff's Summons and Complaint upon which
18 | this action is based.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S.
19 | 344, 353 (1999) (service of process is the official trigger for responsive action by a
20 | named defendant).  This Notice of Removal is therefore filed within the time period
21 | provided by 28 U.S.C. § 1446(b).

22 |     5.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies
23 | that a copy of this Notice of Removal and all supporting papers will be served promptly
24 | on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court.
25 | Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

26 | **FEDERAL QUESTION REMOVAL**

27 |     6.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. §
28 | 1331 because it involves alleged violations of the laws of the United States.  Specifically,

Case No.:             2    NOTICE OF REMOVAL OF ACTION TO THE UNITED
STATES DISTRICT COURT PURSUANT TO 28 U.S.C.
§§ 1331, 1441(a) AND (c) FEDERAL QUESTION

1  this action involves claims for the alleged failure to pay overtime compensation in

2  violation of 29 U.S.C. §§ 201, *et seq*. (Complaint, ¶¶ 84-97.)  This action is removable to

3  this Court pursuant to 28 U.S.C. § 1441(a) and (c) because Plaintiff's claims involve

4  exclusive federal remedies, as set forth above, pursuant to the Fair Labor Standards Act

5  ("FLSA"), under 28 U.S.C. §§ 201, *et seq*.

6      7.    Additionally, this Court has supplemental jurisdiction over the remaining

7  claims and issues alleged in the Complaint, including Plaintiff's claim for unfair

8  competition, failure to pay overtime wages, failure to provide accurate itemized

9  statements, and failure to pay wages when due, as they all arise from Plaintiff's

10 employment with Defendant, Plaintiff's compensation from Defendant, and Defendant's

11 wage and hour policies.

12     8.    Plaintiff's state law claims are predicated on the same facts as his federal

13 law claim, namely that Defendant had a uniform policy and practice which failed to

14 compensate employees for all of their overtime hours worked.  (Complaint, ¶¶ 7, 11, 12,

15 15, 91, 94, 95.)

16     9.    Thus, each of Plaintiff's claims arises from the same set of transactions or

17 occurrences, and would ordinarily be expected to be tried in a single judicial proceeding.

18                    **<u>CONSENT OF ALL OTHER DEFENDANTS</u>**

19     10.   Defendant is unaware of any other defendant having been named or served

20 with the Complaint in this action.  Accordingly, all named Defendants join in the removal

21 of this action to Federal Court.

22                              **<u>VENUE</u>**

23     11.   Venue lies in the United States District Court for the Central District of

24 California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed

25 in this district and Defendant is subject to personal jurisdiction in the Central District of

26 California.

27 ///

28 ///

---

Case No.:                                3      NOTICE OF REMOVAL OF ACTION TO THE UNITED
                                                 STATES DISTRICT COURT PURSUANT TO 28 U.S.C.
                                                 §§ 1331, 1441(a) AND (c) FEDERAL QUESTION

## NO WAIVER

12.   By filing this Notice of Removal, Defendant does not waive its right either to answer the Complaint and/or assert any claims, defenses or other motions, including, but not limited to, Rule 12 motions permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles to this Court.

DATED:  March 22, 2013          JACKSON LEWIS LLP


By:   _____
      Frank M. Liberatore
      Jaclyn P. Floryan

      Attorneys for Defendant
      LESLIE'S POOLMART, INC.

4811-9887-8739, v. 1

# EXHIBIT  A

A0024
an48

1  BLUMENTHAL, NORDREHAUG & BHOWMIK
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6  Attorneys for Plaintiff

7

8

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 13 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
     Shaylia Chambers

9        CCW 307  William F. Highberger

10       SUPERIOR COURT OF THE STATE OF CALIFORNIA

11       IN AND FOR THE COUNTY OF LOS ANGELES

12

13

14                                          BC500796

KEITH CUNNINGHAM, an individual,        Case No. _____
15 on behalf of himself and on behalf of all
   persons similarly situated,            **CLASS AND COLLECTIVE ACTION**
16                                         **COMPLAINT FOR:**

17              Plaintiff,                 1. UNFAIR COMPETITION IN
                                           VIOLATION OF CAL. BUS. & PROF.
18 vs.                                     CODE §§ 17200, *et seq.*;

19 LESLIE'S POOLMART, INC., a              2. FAILURE TO PAY OVERTIME
   Delaware Corporation; and Does 1       WAGES IN VIOLATION OF CAL. LAB.
20 through 50,                             CODE §§ 510, *et seq.*;

21                                         3. FAILURE TO PROVIDE ACCURATE
                                           ITEMIZED STATEMENTS IN
22              Defendants.                VIOLATION OF CAL. LAB. CODE §
                                           226;

23                                         4. FAILURE TO PROVIDE WAGES
                                           WHEN DUE IN VIOLATION OF CAL.
24                                         LAB. CODE §§ 201, 202 and 203; and

25                                         5. FAILURE TO PAY OVERTIME
                                           COMPENSATION IN VIOLATION OF
26                                         29 U.S.C. §§ 201, *et seq.*

27                                         DEMAND FOR A JURY TRIAL

28
                                      1
       CLASS AND COLLECTIVE ACTION COMPLAINT

1    Plaintiff Keith Cunningham ("PLAINTIFF"), an individual, on behalf of himself and all

2  other similarly situated current and former employees, alleges on information and belief, except

3  for his own acts and knowledge which are based on personal knowledge, the following:

4                                          **THE PARTIES**

5    1.    Defendant Leslie's Poolmart, Inc. ("LPM" or "DEFENDANT") is a Delaware

6  corporation.  At all relevant times mentioned herein, LPM conducted and continues to conduct

7  substantial business in California, including owning and operating over 150 stores in the state.

8    2.    LPM is the big fish of pool product retailers.  The company sells pool and spa

9  chemicals, cleaning and testing equipment, pumps, covers, and recreational items through some

10  600 stores in 35 states, mostly in Arizona, California, Florida, Georgia, and Texas.  The

11  company also sells its products through catalogs and its website.  LPM also makes chlorine

12  tablets and repackages other chemicals to be sold under the Leslie name. Pool chemicals, major

13  equipment, and parts account for a majority of the company's sales. Founded in 1963, LPM is

14  majority owned by affiliates of Leonard Green Partners.

15    3.    Plaintiff Keith Cunningham was employed by LPM in California from September

16  of 2011 to September of 2012 and was at all times classified by LPM as a non-exempt employee

17  paid in whole or in part on an hourly basis and received additional compensation from LPM in

18  the form of a non-discretionary performance bonus.

19    4.    PLAINTIFF brings this Class Action on behalf of himself and a California class,

20  defined as all individuals who are or previously were employed by Defendant Leslie's Poolmart,

21  Inc. in California as non-exempt employees who received bonus compensation payments during

22  the same pay period in which they worked overtime hours (the "CALIFORNIA CLASS") at any

23  time during the period beginning four (4) years prior to the filing of this Complaint and ending

24  on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

25    5.    State law provides that employees must be paid overtime at one-and-one-half

26  times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were

27  compensated at an hourly rate plus LPM's non-discretionary bonus program, that provided all

28  employees paid on an hourly basis with bonus compensation when the employees met various

1  performance goals. However, when calculating the regular rate of pay in order to pay overtime
2  to PLAINTIFF and other CALIFORNIA CLASS Members, LPM did not include the non-
3  discretionary bonus monies earned by PLAINTIFF and other CALIFORNIA CLASS Members.
4  Management and supervisors described the bonus program to potential and new employees as
5  part of the compensation package. As a matter of law, the bonus compensation received by the
6  PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate
7  of pay." The failure to do so has resulted in a systematic underpayment of overtime
8  compensation to PLAINTIFF and other CALIFORNIA CLASS Members by LPM.

9      6.    As a result of this miscalculation the wage issued to PLAINTIFF and other
10  CALIFORNIA CLASS Members violate California law, and in particular, Labor Code Section
11  226(a) because the wage statements fail to show, among other things, the correct overtime rate
12  and the correct amount of total gross wages earned for certain pay periods during the
13  CALIFORNIA CLASS PERIOD.

14      7.    PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA
15  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during
16  the CALIFORNIA CLASS PERIOD caused by LPM's uniform policy and practice which failed
17  to lawfully compensate these employees for all their overtime hours worked. LPM's uniform
18  policy and practice alleged herein is an unlawful, unfair and deceptive business practice
19  whereby LPM retained and continues to retain wages due PLAINTIFF and the other members
20  of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA
21  CLASS seek an injunction enjoining such conduct by LPM in the future, relief for the named
22  PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically
23  injured by LPM's past and current unlawful conduct, and all other appropriate legal and
24  equitable relief.

25      8.    LPM had different shifts with different non-exempt employees paid on an hourly
26  basis working during each shift. Although the specific time of each shift differered, the hours
27  spent working during the shifts were nearly identical in every way. Thus, PLAINTIFF's and
28  other CALIFORNIA CLASS Members' typical workweek required them to perform work in

3

CLASS AND COLLECTIVE ACTION COMPLAINT

1   excess of eight (8) hours in a workday and forty (40) hours in a workweek.

2        9.      The true names and capacities, whether individual, corporate, subsidiary,

3   partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

4   unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

5   pursuant to Cal. Civ. Proc. Code § 474.  The PLAINTIFF will seek leave to amend this

6   Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they

7   are ascertained.  PLAINTIFF is informed and believes, and based upon that information and

8   belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50,

9   inclusive, are responsible in some manner for one or more of the events and happenings that

10  proximately caused the injuries and damages hereinafter alleged.

11       10.     The agents, servants and/or employees of the Defendants and each of them

12  acting on behalf of the Defendants acted within the course and scope of his, her or its authority

13  as the agent, servant and/or employee of the Defendants, and personally participated in the

14  conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

15  Consequently, the acts of each Defendant are legally attributable to the other Defendants and

16  all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the

17  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

18  Defendants' agents, servants and/or employees.

19                                    **THE CONDUCT**

20       11.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

21  to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA

22  CLASS for their overtime hours worked.  DEFENDANT systematically, unlawfully and

23  unilaterally failed to accurately calculate wages for overtime hours worked by the PLAINTIFF

24  and other members of the CALIFORNIA CLASS in order to avoid paying these employees the

25  correct overtime compensation.  As a result, the PLAINTIFF and the other members of the

26  CALIFORNIA CLASS forfeited wages due them for regularly working overtime without

27  compensation at the correct overtime rates.  DEFENDANT's uniform policy and practice to not

28  pay the members of the CALIFORNIA CLASS the correct overtime rate for all overtime hours

4

1    worked in accordance with applicable law is evidenced by DEFENDANT's business records.

2          12.    In violation of the applicable sections of the California Labor Code and the

3    requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as

4    a matter of company policy, practice and procedure, intentionally, knowingly and systematically

5    failed to compensate the PLAINTIFF and the other members of the CALIFORNIA CLASS at

6    the correct rate of pay for all overtime hours worked.  This uniform policy and practice of

7    DEFENDANT is intended to purposefully avoid the payment of the correct overtime

8    compensation as required by California law which allows DEFENDANT to illegally profit and

9    gain an unfair advantage over competitors who complied with the law.  To the extent equitable

10   tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the

11   CALIFORNIA CLASS PERIOD should be adjusted accordingly.

12         13.    DEFENDANT also failed to provide the PLAINTIFF and the other members of

13   the CALIFORNIA CLASS with complete and accurate wage statements which fail to show,

14   among other things, the correct overtime rate for overtime hours worked, including, work

15   performed in excess of eight (8) hours in a workday and forty (40) hours in any workweek. Cal.

16   Lab. Code § 226 provides that every employer shall furnish each of his or her employees with

17   an accurate itemized wage statement in writing showing, among other things, gross wages

18   earned and all applicable hourly rates in effect during the pay period and the corresponding

19   number of hours worked at each hourly rate.  As a result, DEFENDANT provided the

20   PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which

21   violate Cal. Lab. Code § 226.

22         14.    In addition, DEFENDANT failed to provide all the legally required off-duty meal and

23   rest breaks to the PLAINTIFF and the other CALIFORNIA CLASS Members as required by the

24   applicable Wage Order and Labor Code. DEFENDANT did not have a policy or practice which

25   provided meal and rest breaks to the PLAINTIFF and the other CALIFORNIA CLASS Members.  As

26   a result, DEFENDANT's failure to provide the PLAINTIFF and the CALIFORNIA CLASS Members

27   with legally required meal and rest breaks is evidenced by DEFENDANT's business records which

28   contain no record of these breaks, in violation of the Wage Order.

CLASS AND COLLECTIVE ACTION COMPLAINT

15.     By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the overtime rate for the overtime hours worked by the PLAINTIFF and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

16.     Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to him in the form of two components. One component of PLAINTIFF's compensation was a base hourly wage at the rate of $12.00. The second component of the PLAINTIFF's compensation was a non-discretionary performance bonus. DEFENDANT paid the bonus as a flat sum so long as the PLAINTIFF meets certain predefined performance requirements. PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in various months throughout his employment with DEFENDANT and DEFENDANT paid PLAINTIFF the non-discretionary bonus wages. During these months in which PLAINTIFF was paid the non-discretionary performance bonus compensation from DEFENDANT, PLAINTIFF also worked overtime hours for DEFENDANT, but DEFENDANT never included the bonus compensation in PLAINTIFF's regular rate of pay for the purposes of calculating what should have been PLAINTIFF's accurate overtime rate and thereby underpaid the PLAINTIFF for overtime hours worked throughout his employment with DEFENDANT. The bonus monies paid by DEFENDANT constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF's "regular rate of pay." DEFENDANT also failed to provide all the legally required off-duty meal and rest breaks to the PLAINTIFF as required by the applicable Wage Order and Labor Code. DEFENDANT did not have a policy or practice which provided meal and

6

1   rest breaks to the PLAINTIFF and also failed to compensate the PLAINTIFF for his missed meal

2   breaks.   DEFENDANT also provided PLAINTIFF with a wage statement that failed to

3   accurately display PLAINTIFF's correct rates of overtime pay for certain pay periods in

4   violation of Cal. Lab. Code § 226(a).   To date, DEFENDANT has not fully paid the

5   PLAINTIFF for all his overtime wages still owed to him or any penalty wages owed to him

6   under California Labor Code § 203.

7                                          **JURISDICTION AND VENUE**

8            17.     This Court has jurisdiction over this Action pursuant to California Code of

9   Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

10  This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated

11  employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

12           18.     Venue is proper in this Court pursuant to California Code of Civil Procedure,

13  Sections 395 and 395.5, because the PLAINTIFF resides in Los Angeles County and

14  DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities

15  in this County and/or conducts substantial business in this County, and (ii) committed the

16  wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS

17  and CALIFORNIA LABOR SUB-CLASS.

18                                          **THE CALIFORNIA CLASS**

19

20           19.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and

    Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL")

21
    as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class,
22
    defined as all individuals who are or previously were employed by Defendant Leslie's Poolmart,
23
    Inc. in California as non-exempt employees who received bonus compensation payments during
24
    the same pay period in which they worked overtime hours (the "CALIFORNIA CLASS") at any
25
    time during the period beginning four (4) years prior to the filing of this Complaint and ending
26
    on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").
27
             20.     To the extent equitable tolling operates to toll claims by the CALIFORNIA
28

                                                    7

1    CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted
2    accordingly.
3           21.    The California Legislature has commanded that "all wages... ...earned by any
4    person in any employment are due and payable twice during each calendar month, on days
5    designated in advance by the employer as the regular paydays", and further that "[a]ny work
6    in excess of eight hours in one workday and any work in excess of 40 hours in any one
7    workweek . . . shall be compensated at the rate of no less than one and one-half times the
8    regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare
9    Commission (IWC), however, is statutorily authorized to "establish exemptions from the
10   requirement that an overtime rate of compensation be paid... ...for executive, administrative, and
11   professional employees, provided [inter alia] that the employee is primarily engaged in duties
12   that meet the test of the exemption, [and] customarily and regularly exercises discretion and
13   independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the
14   PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA
15   LABOR SUB-CLASS qualify for exemption from the above requirements.
16          22.    DEFENDANT, as a matter of company policy, practice and procedure, and
17   in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order
18   requirements, and the applicable provisions of California law, intentionally, knowingly, and
19   wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly
20   calculate and record overtime compensation for overtime hours worked by PLAINTIFF and the
21   other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit
22   of this work, required employees to perform this work and permits or suffered to permit this
23   overtime work.
24          23.    DEFENDANT has the legal burden to establish that each and every
25   CALIFORNIA CLASS Member is paid the applicable rate for all overtime hours worked and
26   to accurately calculate the "regular rate of pay" by including the bonus compensation that
27   PLAINTIFF and members of the CALIFORNIA CLASS are awarded when they meet various
28   performance goals set by DEFENDANT. The DEFENDANT, however, as a matter of uniform

<div align="center">8</div>

1    and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS

2    PERIOD and still fails to have in place a policy or practice to ensure that each and every

3    CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime hours

4    worked, so as to satisfy their burden.  This common business practice applicable to each and

5    every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful,

6    unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL")

7    as causation, damages, and reliance are not elements of this claim.

8         24.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

9    any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

10   employee for all overtime hours worked at the applicable rate, as required by California Labor

11   Code §§ 204 and 510, *et seq.*  At no time during the CALIFORNIA CLASS PERIOD was the

12   overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so

13   as to include all earnings in the overtime compensation calculation as required by California

14   Labor Code §§ 510, *et seq.*

15        25.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

16   CLASS Members is impracticable.

17        26.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

18   California law by:

19             (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code

20                    §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in

21                    place company policies, practices and procedures that failed to pay all

22                    wages due the CALIFORNIA CLASS for all overtime hours worked, and

23                    fail to accurately record the applicable rates of all overtime hours worked

24                    by the CALIFORNIA CLASS;

25             (b)    Committing an act of unfair competition in violation of the California

26                    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

27                    unlawfully, unfairly, and/or deceptively having in place a company policy,

28                    practice and procedure that failed to correctly calculate overtime

9

13

1    compensation due to PLAINTIFF and the members of the CALIFORNIA

2    CLASS;

3    (c)    Committing an act of unfair competition in violation of the California

4    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

5    failing to provide the PLAINTIFF and the other members of the

6    CALIFORNIA CLASS with all legally required uninterrupted thirty (30)

7    minute meal breaks and rest breaks;

8    (d)    Committing an act of unfair competition in violation of the California

9    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

10   violating Cal. Lab. Code § 203 by failing to provide restitution of wages

11   owed to PLAINTIFF and members of the CALIFORNIA CLASS who

12   have terminated their employment; and,

13   (e)    Committing an act of unfair competition in violation of the California

14   Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

15   violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

16   *seq.*, by failing to pay the correct overtime wages to the PLAINTIFF and

17   the members of the CALIFORNIA CLASS as legally required by the

18   FLSA, and retaining the unpaid overtime to the benefit of DEFENDANT.

19   27.    This Class Action meets the statutory prerequisites for the maintenance of a

20   Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

21   (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

22   that the joinder of all such persons is impracticable and the disposition of

23   their claims as a class will benefit the parties and the Court;

24   (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

25   that are raised in this Complaint are common to the CALIFORNIA

26   CLASS will apply uniformly to every member of the CALIFORNIA

27   CLASS;

28   (c)    The claims of the representative PLAINTIFF are typical of the claims of

10

CLASS AND COLLECTIVE ACTION COMPLAINT

14

each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was a non-exempt employee paid on an hourly basis and paid an additional non-discretionary performance bonus wage who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime hours worked by the CALIFORNIA CLASS and thereby systematically underpaid overtime compensation to the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

28.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish

11

CLASS AND COLLECTIVE ACTION COMPLAINT

incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all hours worked by the members of the CALIFORNIA CLASS as required by law;

1)   With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)   Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA CLASS in

12

individually controlling the prosecution or defense of separate
actions in that the substantial expense of individual actions will be
avoided to recover the relatively small amount of economic losses
sustained by the individual CALIFORNIA CLASS Members when
compared to the substantial expense and burden of individual
prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative
litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to
individual members of the CALIFORNIA CLASS, which
would establish incompatible standards of conduct for the
DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the
CALIFORNIA CLASS would as a practical matter be
dispositive of the interests of the other members not parties
to the adjudication or substantially impair or impede their
ability to protect their interests;

3)   In the context of wage litigation because a substantial number of
individual CALIFORNIA CLASS Members will avoid asserting
their legal rights out of fear of retaliation by DEFENDANT, which
may adversely affect an individual's job with DEFENDANT or
with a subsequent employer, the Class Action is the only means to
assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair
and efficient adjudication of this litigation because class treatment
will obviate the need for unduly and unnecessary duplicative
litigation that is likely to result in the absence of certification of
this action pursuant to Cal. Code of Civ. Proc. § 382.

13

29.     This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

      (a)     The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

      (b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

      (c)     The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

      (d)     PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

      (e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

      (f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

14
CLASS AND COLLECTIVE ACTION COMPLAINT

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA CLASS consists of all individuals who are or previously were employed by DEFENDANT in California as non-exempt employees paid on an hourly basis and who received bonus compensation during the CALIFORNIA CLASS PERIOD; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

30. DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

31. PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who received bonus compensation payments during the same pay period in which they worked overtime hours (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

32. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

15

1    requirements, and the applicable provisions of California law, intentionally, knowingly, and

2    wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime

3    compensation for the overtime hours worked by the PLAINTIFF and the other members of the

4    CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

5    work, required employees to perform this work and permits or suffered to permit this overtime

6    work.  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS

7    Members overtime wages at the correct amount to which these employees are entitled in order

8    to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates

9    to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

10   CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

11        33.    DEFENDANT maintains records from which the Court can ascertain and

12   identify by name and job title, each of DEFENDANT's employees who have been

13   systematically, intentionally and uniformly subjected to DEFENDANT's company policy,

14   practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint

15   to include any additional job titles of similarly situated employees when they have been

16   identified.

17        34.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

18   CALIFORNIA LABOR SUB-CLASS Members is impracticable.

19        35.    Common questions of law and fact exist as to members of the CALIFORNIA

20   LABOR SUB-CLASS, including, but not limited, to the following:

21                    (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

22                            overtime compensation to members of the CALIFORNIA LABOR SUB-

23                            CLASS in violation of the California Labor Code and California

24                            regulations and the applicable California Wage Order;

25                    (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

26                            entitled to overtime compensation for overtime hours worked under the

27                            overtime pay requirements of California law;

28                    (c)    Whether DEFENDANT failed to accurately record the applicable

16

1    overtime rates for all overtime hours worked by the PLAINTIFF and the

2    other members of the CALIFORNIA LABOR SUB-CLASS;

3    (d)    Whether DEFENDANT failed to provide the PLAINTIFF and the other

4    members of the CALIFORNIA LABOR SUB-CLASS with accurate

5    itemized wage statements;

6    (e)    Whether DEFENDANT has engaged in unfair competition by the

7    above-listed conduct;

8    (f)    The proper measure of damages and penalties owed to the members of the

9    CALIFORNIA LABOR SUB-CLASS; and,

10    (g)    Whether DEFENDANT's conduct was willful.

11    36.    DEFENDANT, as a matter of company policy, practice and procedure,

12 failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-

13 CLASS Members and failed to provide accurate records of the applicable overtime rates for the

14 overtime hours worked by these employees. All of the CALIFORNIA LABOR SUB-CLASS

15 Members, including the PLAINTIFF, were non-exempt employees who were paid on an hourly

16 basis, were paid for overtime hours worked, and were paid additional non-discretionary

17 performance bonus wages by DEFENDANT according to uniform and systematic company

18 procedures as alleged herein above. This business practice is uniformly applied to each and

19 every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this

20 conduct can be adjudicated on a class-wide basis.

21    37.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

22 under California law by:

23    (a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay the

24    PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

25    CLASS the correct overtime pay for which DEFENDANT is liable

26    pursuant to Cal. Lab. Code § 1194;

27    (b)    Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and

28    the members of the CALIFORNIA LABOR SUB-CLASS with an

1    accurate itemized statement in writing showing all accurate and applicable

2    overtime rates in effect during the pay period and the corresponding

3    number of hours worked at each overtime rate by the employee; and,

4    (c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

5    when an employee is discharged or quits from employment, the employer

6    must pay the employee all wages due without abatement, by failing to

7    tender full payment and/or restitution of wages owed or in the manner

8    required by California law to the members of the CALIFORNIA LABOR

9    SUB-CLASS who have terminated their employment.

10    38.    This Class Action meets the statutory prerequisites for the maintenance of a

11    Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

12    (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

13    so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

14    Members is impracticable and the disposition of their claims as a class

15    will benefit the parties and the Court;

16    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

17    that are raised in this Complaint are common to the CALIFORNIA

18    LABOR SUB-CLASS and will apply uniformly to every member of the

19    CALIFORNIA LABOR SUB-CLASS;

20    (c)    The claims of the representative PLAINTIFF are typical of the claims of

21    each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

22    like all the other members of the CALIFORNIA LABOR SUB-CLASS,

23    was a non-exempt employee paid on an hourly basis and paid an

24    additional non-discretionary performance bonus wage who was subjected

25    to the DEFENDANT's practice and policy which failed to pay the correct

26    rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS

27    for all overtime hours worked. PLAINTIFF sustained economic injury as

28    a result of DEFENDANT's employment practices. PLAINTIFF and the

18

members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

39.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA

19

CLASS AND COLLECTIVE ACTION COMPLAINT

23

LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime hours worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)   Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members

20

1       not parties to the adjudication or substantially impair or

2       impede their ability to protect their interests;

3    3) In the context of wage litigation because a substantial number of

4      individual CALIFORNIA LABOR SUB-CLASS Members will

5      avoid asserting their legal rights out of fear of retaliation by

6      DEFENDANT, which may adversely affect an individual's job

7      with DEFENDANT or with a subsequent employer, the Class

8      Action is the only means to assert their claims through a

9      representative; and,

10    4) A class action is superior to other available methods for the fair

11      and efficient adjudication of this litigation because class treatment

12      will obviate the need for unduly and unnecessary duplicative

13      litigation that is likely to result in the absence of certification of

14      this action pursuant to Cal. Code of Civ. Proc. § 382.

15  40. This Court should permit this action to be maintained as a Class Action

16 pursuant to Cal. Code of Civ. Proc. § 382 because:

17    (a) The questions of law and fact common to the CALIFORNIA LABOR

18      SUB-CLASS predominate over any question affecting only individual

19      CALIFORNIA LABOR SUB-CLASS Members;

20    (b) A Class Action is superior to any other available method for the fair and

21      efficient adjudication of the claims of the members of the CALIFORNIA

22      LABOR SUB-CLASS because in the context of employment litigation a

23      substantial number of individual CALIFORNIA LABOR SUB-CLASS

24      Members will avoid asserting their rights individually out of fear of

25      retaliation or adverse impact on their employment;

26    (c) The members of the CALIFORNIA LABOR SUB-CLASS are so

27      numerous that it is impractical to bring all members of the CALIFORNIA

28      LABOR SUB-CLASS before the Court;

<div align="center">21</div>

<div align="center">CLASS AND COLLECTIVE ACTION COMPLAINT</div>

(d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.   The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who were paid by the DEFENDANT for overtime hours worked during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

///
///
///
///

# FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, et seq.]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

41.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 40 of this Complaint.

42.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

43.    California Business & Professions Code §§ 17200, et seq. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

44.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the Wage Order, the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 204, 226.7, 510, 512, 1194 & 1198, the FLSA, and the Code of Federal Regulations, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

45.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive,

23

1   unscrupulous or substantially injurious to employees, and were without valid justification or

2   utility for which this Court should issue equitable and injunctive relief pursuant to Section

3   17203 of the California Business & Professions Code, including restitution of wages wrongfully

4   withheld.

5        46.   By the conduct alleged herein, DEFENDANT's practices were deceptive and

6   fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and

7   other members of the CALIFORNIA CLASS, wages due for overtime hours worked, failed

8   accurately to record the applicable rate of all overtime hours worked, and failed to provide the

9   required amount of overtime compensation due to a systematic miscalculation of the overtime

10  rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare

11  Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this

12  Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203,

13  including restitution of wages wrongfully withheld.

14       47.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,

15  unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and

16  the other members of the CALIFORNIA CLASS to be underpaid during their employment with

17  DEFENDANT.

18       48.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,

19  unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed

20  to provide all legally required meal breaks to the PLAINTIFF and the other members of the

21  CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

22       49.   Therefore, the PLAINTIFF demands on behalf of himself and on behalf of

23  each CALIFORNIA CLASS Member, overtime wages and one (1) hour of pay for each

24  workday in which an off-duty meal period was not timely provided for each five (5) hours of

25  work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was

26  not timely provided for each ten (10) hours of work.

27       50.   PLAINTIFF further demands on behalf of himself and each member of the

28  CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest

                                    24
                    CLASS AND COLLECTIVE ACTION COMPLAINT

period was not timely provided as required by law.

51. By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all overtime hours worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

52. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, the California Labor Code, the FLSA, and the Code of Federal Regulations, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

53. PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all hours worked.

54. PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

55. PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

1   engage in these unlawful and unfair business practices.

2   **SECOND CAUSE OF ACTION**

3   **For Failure To Pay Overtime Compensation**

4   **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

5   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

6   **Defendants)**

7       56.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

8   CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

9   1 through 55 of this Complaint.

10      57.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

11  bring a claim for DEFENDANT's willful and intentional violations of the California Labor

12  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

13  accurately calculate the applicable rates for all overtime hours worked by PLAINTIFF and other

14  member of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

15  compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime hours

16  worked, including, work performed in excess of eight (8) hours in a workday and forty (40)

17  hours in any workweek.

18      58.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

19  public policy, an employer must timely pay its employees for all hours worked.

20      59.    Cal. Lab. Code § 510 further provides that employees in California shall not be

21  employed more than eight (8) hours per workday and more than forty (40) hours per workweek

22  unless they receive additional compensation beyond their regular wages in amounts specified

23  by law.

24      60.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

25  including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

26  Code § 1198 further states that the employment of an employee for longer hours than those

27  fixed by the Industrial Welfare Commission is unlawful.

28      61.    DEFENDANT maintained a uniform wage practice of paying the PLAINTIFF

26

1   and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the

2   correct applicable overtime rate for the number of overtime hours they worked.  As set forth

3   herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny

4   timely payment of wages due for the overtime hours worked by the PLAINTIFF and the other

5   members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay

6   these employees the correct applicable overtime wages for all overtime hours worked.

7        62.    DEFENDANT's uniform pattern of unlawful wage and hour practices

8   manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a

9   whole, as a result of implementing a uniform policy and practice that denies accurate

10  compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

11  CLASS for all overtime hours worked, including, the work performed in excess of eight (8)

12  hours in a workday and forty (40) hours in any workweek.

13       63.    In committing these violations of the California Labor Code, DEFENDANT

14  inaccurately calculated the applicable overtime rates and consequently underpaid the actual

15  hours worked.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned

16  wages, and other benefits in violation of the California Labor Code, the Industrial Welfare

17  Commission requirements and other applicable laws and regulations.

18       64.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

19  the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not

20  receive full compensation for all overtime hours worked.

21       65.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

22  from the overtime requirements of the law.  None of these exemptions are applicable to the

23  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, the

24  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject

25  to a valid collective bargaining agreement that would preclude the causes of action contained

26  herein this Complaint.  Rather, the PLAINTIFF brings this Action on behalf of himself and the

27  CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable,

28  non-waiveable rights provided by the State of California.

66.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for hours worked that they were entitled to, constituting a failure to pay all earned wages.

67.     DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the hours they worked which were in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were regularly required to work, and did in fact work, overtime hours as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

68.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true number of hours they worked, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

69.     DEFENDANT knew or should have known that the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their overtime hours worked.  DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

70.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all hours worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and

28

1  utter disregard for their legal rights, or the consequences to them, and with the despicable intent

2  of depriving them of their property and legal rights, and otherwise causing them injury in order

3  to increase company profits at the expense of these employees.

4       71.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

5  therefore request recovery of all unpaid wages, including overtime wages, according to proof,

6  interest, statutory costs, as well as the assessment of any statutory penalties against

7  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

8  statutes.  To the extent overtime compensation is determined to be owed to the CALIFORNIA

9  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S

10  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

11  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

12  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

13  conduct as alleged herein was willful, intentional and not in good faith.  Further, the

14  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and

15  recover statutory costs.

16  ### THIRD CAUSE OF ACTION

17  **For Failure to Provide Accurate Itemized Statements**

18  **[Cal. Lab. Code § 226]**

19  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

20  **Defendants)**

21       72.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

22  CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

23  1 through 71 of this Complaint.

24       73.    Cal. Labor Code § 226 provides that an employer must furnish employees with

25  an "accurate itemized" statement in writing showing:

26  (1) gross wages earned,

27  (2) total hours worked by the employee, except for any employee whose compensation

28  is solely based on a salary and who is exempt from payment of overtime under

<center>29</center>

<center>CLASS AND COLLECTIVE ACTION COMPLAINT</center>

subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

74.     At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the effective overtime rates of pay for overtime hours worked by the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and thereby also failed to set forth the correct overtime wages earned by the employees.

75.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the overtime hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars

30

1  ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in

2  an amount according to proof at the time of trial (but in no event more than four thousand

3  dollars ($4,000.00) for the PLAINTIFF and each respective member of the CALIFORNIA

4  LABOR SUB-CLASS herein).

<div align="center">

**FOURTH CAUSE OF ACTION**

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

</div>

10        76.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

11  CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1

12  through 75 of this Complaint.

13        77.    Cal. Lab. Code § 200 provides, in relevant part, that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees
of every description, whether the amount is fixed or ascertained by the
standard of time, task, piece, Commission basis, or other method of
calculation.
(b) "Labor" includes labor, work, or service whether rendered or
performed under contract, subcontract, partnership, station plan, or
other agreement if the labor to be paid for is performed personally by
the person demanding payment.

19        78.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges

20  an employee, the wages earned and unpaid at the time of discharge are due and payable

21  immediately."

22        79.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits
his or her employment, his or her wages shall become due and
payable not later than 72 hours thereafter, unless the employee has
given 72 hours previous notice of his or her intention to quit, in which
case the employee is entitled to his or her wages at the time of
quitting. Notwithstanding any other provision of law, an employee
who quits without providing a 72-hour notice shall be entitled to
receive payment by mail if he or she so requests and designates a
mailing address. The date of the mailing shall constitute the date of
payment for purposes of the requirement to provide payment within
72 hours of the notice of quitting.

<div align="center">

31

**CLASS AND COLLECTIVE ACTION COMPLAINT**

</div>

80.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

81.   Cal. Lab. Code § 203 provides, in relevant part, that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

82.   The employment of many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

83.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## FIFTH CAUSE OF ACTION

**Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA")**

**(By PLAINTIFF and the COLLECTIVE CLASS against DEFENDANT)**

84.   PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 83 of this Complaint.

85.   DEFENDANT is engaged in communication, business, and transmission between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

86.   The PLAINTIFF further brings the Fifth Cause of Action on behalf of a COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 defined as all persons who are or were previously employed by DEFENDANT in the United States as non-exempt employees who received bonus compensation payments during the same pay period in which they were paid overtime compensation (the "COLLECTIVE CLASS") at any time during the period three

32

CLASS AND COLLECTIVE ACTION COMPLAINT

1 (3) years prior to the filing of the Complaint and ending on the date as determined by the Court

2 (the "COLLECTIVE CLASS PERIOD").

3    87.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

4 violations of the FLSA.

5    88.    29 U.S.C. § 207(a)(1) provides in pertinent part:

6
Except as otherwise provided in this section, no employer shall employ
7 any of his employees who in any workweek is engaged in commerce or in
the production of goods for commerce, or is employed in an enterprise
8 engaged in commerce or in the production of goods for commerce, for a
workweek longer than forty hours unless such employee receives
9 compensation for his employment in excess of the hours above specified
at a rate not less than one and one-half times the regular rate at which he
10 is employed.

11    89.    For purposes of calculating overtime pay, 29 U.S.C. § 207(e) provides, in relevant

12 part, that the "regular rate" of pay shall not include:

13
(1) sums paid as gifts; payments in the nature of gifts made at Christmas
14 time or on other special occasions, as a reward for service, the amounts of
which are not measured by or dependent on hours worked, production, or
15 efficiency;
(2) payments made for occasional periods when no work is performed due
16 to vacation, holiday, illness, failure of the employer to provide sufficient
work, or other similar cause; reasonable payments for traveling expenses,
17 or other expenses, incurred by an employee in the furtherance of his
employer's interests and properly reimbursable by the employer; and other
18 similar payments to an employee which are not made as compensation for
his hours of employment;
19 (3) Sums paid in recognition of services performed during a given period
if either, (a) both the fact that payment is to be made and the amount of the
20 payment are determined at the sole discretion of the employer at or near
the end of the period and not pursuant to any prior contract, agreement, or
21 promise causing the employee to expect such payments regularly; or (b)
the payments are made pursuant to a bona fide profit-sharing plan or trust
22 or bona fide thrift or savings plan, meeting the requirements of the
Administrator set forth in appropriate regulations which he shall issue,
23 having due regard among other relevant factors, to the extent to which the
amounts paid to the employee are determined without regard to hours of
24 work, production, or efficiency; or (c) the payments are talent fees (as
such talent fees are defined and delimited by regulations of the
25 Administrator) paid to performers, including announcers, on radio and
television programs;

26    90.    The bonus compensation awarded to the PLAINTIFF and other members of the

27 COLLECTIVE CLASS was not a gift given as a reward for the PLAINTIFF's and

28
CLASS AND COLLECTIVE ACTION COMPLAINT

1  COLLECTIVE CLASS Members' service to DEFENDANT that was not measured on their
2  production, was not a payment made to PLAINTIFF and other members of the COLLECTIVE
3  CLASS during a period in which these employees performed no work, and was not a sum paid
4  to the PLAINTIFF and other members of the COLLECTIVE CLASS at the sole discretion of
5  DEFENDANT as to the timing of the payment and as to the amount to which the payment
6  totaled.  Instead, the bonus compensation awarded to PLAINTIFF and other members of the
7  COLLECTIVE CLASS was a non-discretionary wage that was directly proportional to the work
8  performed by these employees for DEFENDANT and was announced to the PLAINTIFF and
9  COLLECTIVE CLASS Members to encourage these employees to work more efficiently and
10 was awarded based on these employees' production during the applicable bonus pay period.
11 As a result, the bonus wage awarded to PLAINTIFF and other members of the COLLECTIVE
12 CLASS must be included in the regular rate of pay for the purposes of calculating the correct
13 overtime rate due to the PLAINTIFF and other members of the COLLECTIVE CLASS.

14        91.     DEFENDANT failed and still fails to include the bonus compensation as part of
15 the PLAINTIFF's and other COLLECTIVE CLASS Members' "regular rate of pay" for the
16 purposes of calculating overtime pay due to these employees.  For the reasons set forth herein,
17 the bonus compensation received by the PLAINTIFF and members of the COLLECTIVE
18 CLASS should be included in their "regular rate of pay."  The failure to do so resulted in a
19 systematic and illegal underpayment of overtime compensation to PLAINTIFF and other
20 members of the COLLECTIVE CLASS.

21        92.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the
22 PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime
23 compensation for all overtime hours actually worked, at a rate not less than one and one-half
24 times their regular rate of pay for all hours worked in excess of forty (40) hours in any
25 workweek. DEFENDANT's failure to correctly calculate overtime wages as required by federal
26 law was willful and not in good faith.

27        93.     During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

28

34
CLASS AND COLLECTIVE ACTION COMPLAINT

38

1    members of the COLLECTIVE CLASS, worked more than forty (40) hours in a workweek.

2        94.    At all relevant times, DEFENDANT failed to include the bonus compensation in

3    the regular rate of pay for the PLAINTIFF and the COLLECTIVE CLASS resulting in an

4    illegal underpayment of overtime compensation during the COLLECTIVE CLASS PERIOD.

5    Thus, DEFENDANT failed to pay the PLAINTIFF, and other members of the COLLECTIVE

6    CLASS, overtime compensation for the hours they have worked in excess of the maximum

7    hours permissible by law as required by § 207 of the FLSA, even though the PLAINTIFF, and

8    the other members of the COLLECTIVE CLASS, were regularly required to work, and did in

9    fact work, overtime hours.

10        95.    For purposes of the Fair Labor Standards Act, the employment practices of

11   DEFENDANT were and are uniform throughout the United States in all respects material to the

12   claims asserted in this Complaint.

13        96.    As a result of DEFENDANT's failure to pay the correct overtime compensation

14   at the applicable overtime rate for overtime hours worked, as required by the FLSA, the

15   PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to

16   be proved at trial.

17        97.    Therefore, the PLAINTIFF demands that he and the members of the

18   COLLECTIVE CLASS be paid the correct overtime compensation as required by the FLSA for

19   every hour of overtime worked in any workweek for which the bonus wage was awarded, plus

20   interest and statutory costs as provided by law.

21                            **PRAYER FOR RELIEF**

22        WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

23   severally, as follows:

24   1.    On behalf of the CALIFORNIA CLASS:

25        A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

26              CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

27        B)    An order temporarily, preliminarily and permanently enjoining and restraining

28

35

CLASS AND COLLECTIVE ACTION COMPLAINT

39

1    DEFENDANT from engaging in similar unlawful conduct as set forth herein;

2    C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly

3    withheld from compensation due to PLAINTIFF and the other members of the

4    CALIFORNIA CLASS; and,

5    D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

6    for restitution of the sums incidental to DEFENDANT's violations due to

7    PLAINTIFF and to the other members of the CALIFORNIA CLASS.

8    2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

9    A)    That the Court certify the Second and Third Causes of Action asserted by the

10    CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of

11    Civ. Proc. § 382;

12    B)    Compensatory damages, according to proof at trial, including compensatory

13    damages for compensation due PLAINTIFF and the other members of the

14    CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA

15    LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

16    C)    The wages of all terminated employees in the CALIFORNIA LABOR

17    SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

18    until an action therefore is commenced, in accordance with Cal. Lab. Code § 203;

19    and,

20    D)    The greater of all actual damages or fifty dollars ($50) for the initial pay period

21    in which a violation occurs and one hundred dollars ($100) per each member of

22    the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

23    period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

24    an award of costs for violation of Cal. Lab. Code § 226.

25    3.    On behalf of the COLLECTIVE CLASS:

26    A)    That the Court certify the Fifth Cause of Action asserted by the COLLECTIVE

27    CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

28    B)    Issue a declaratory finding that DEFENDANT's acts, policies, practices and

36

CLASS AND COLLECTIVE ACTION COMPLAINT

1    procedures complained of herein violated provisions of the Fair Labor Standards

2    Act; and

3    C)    That the PLAINTIFF and the COLLECTIVE CLASS members recover

4          compensatory damages and an equal amount of liquidated damages as provided

5          under the law and in 29 U.S.C. § 216(b).

6  4.    On all claims:

7    A)    An award of interest, including prejudgment interest at the legal rate;

8    B)    Such other and further relief as the Court deems just and equitable; and,

9    C)    An award of penalties and cost of suit, as allowable under the law.

10         Neither this prayer nor any other allegation or prayer in this Complaint is

11         to be construed as a request, under any circumstance, that would result in

12         a request for attorneys' fees or costs available under Cal. Lab. Code §

13         218.5.

Dated:  February 8, 2012                    BLUMENTHAL, NORDREHAUG & BHOWMIK

                                            By:
                                                Norman B. Blumenthal
                                                Attorneys for Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:  February 8, 2012                    BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
                    Norman B. Blumenthal
                    Attorneys for Plaintiff

K:\D\Dropbox\Pending Litigation\Leslies Pools Supply - Cunningham\p-Complaint -FINAL.wpd

CLASS AND COLLECTIVE ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal   (Bar # 68687)<br>Kyle Nordrehaug   (Bar # 205975)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223   FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiff Keith Cunningham | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>FEB 13 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Istlavlia Chambers |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District, Stanley Mosk

CASE NAME:
CUNNINGHAM v. LESLIE'S POOLMART

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC500796 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* FIVE (5)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 8, 2013

Norman B. Blumenthal
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

| SHORT TITLE: CUNNINGHAM v. LESLIE'S POOLMART | CASE NUMBER BC500796 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _7_ ☐ HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

44

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CUNNINGHAM v. LESLIE'S POOLMART | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | ①, 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

45

| SHORT TITLE: CUNNINGHAM v. LESLIE'S POOLMART | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

*LexisNexis® Automated California County Forms*

| SHORT TITLE: CUNNINGHAM v. LESLIE'S POOLMART | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br><br>Class action brought by resident of Los Angeles County |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>91748 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ Staley Mosk _____ courthouse in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 2|8|13

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

47

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV13- 2122 CAS  (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Keith Cunningham, an individual, on behalf of himself and on behalf of all persons similarly situated | LESLIE'S POOLMART, INC., a Delaware Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Norman B. Blumenthal (SBN 068687)<br>Kyle R. Nordrehaug (SBN 205975)<br>BLUMENTHAL, NORDREHAUG & BHOWMIK<br>2255 Calle Clara<br>La Jolla, CA  92037<br>858-551-1223 | Frank M. Liberatore(SBN 119976)<br>Jaclyn P. Floryan (SBN 266461)<br>JACKSON LEWIS LLP<br>725 S. Figueroa Street, Suite 2500<br>Los Angeles, CA  90017-5408<br>213-689-0404 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Civil action is being removed on grounds of federal question, Fair Labor Standards Act 29 U.S.C. 201, et seq., 28 U.S.C. Sections 1331, 1445(a) and (c) and 1446.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Personal Property Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: CV13-02122

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A.  Arise from the same or closely related transactions, happenings, or events; or

[ ]   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Arizona |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date March 22, 2013

Frank M. Liberatore

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |