UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | | | |
|---|---|---|---|
| **CIVIL MINUTES - GENERAL**   JS-6 |
| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS): DEFENDANT'S MOTION TO COMPEL ARBITRATION (Docket #6, filed April 1, 2013)

## I.    INTRODUCTION

Plaintiff filed this putative class action in Los Angeles County Superior Court on February 13, 2013. Defendant Leslie's Poolmart, Inc. ("Leslie's) removed the case to this Court on March 25, 2013. Plaintiff's complaint asserts claims under California and federal employment laws, and claims under California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, et seq.

On April 1, 2013, defendant filed a motion to compel arbitration of plaintiff's claims. Plaintiff filed an opposition on April 22, 2013, and defendant filed a reply on April 29, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

This case arises out of plaintiff's employment with Leslie's. Plaintiff worked at Leslie's as a retail employee from September 2011 through September 2012, and was compensated through an hourly wage and a monthly non-discretionary performance bonus. In his complaint, plaintiff alleges that Leslie's compensation policy is unlawful because it calculates overtime payments only using an employee's hourly rate, and disregards the employee's performance bonus.

Plaintiff alleges that although it is clear as both a matter of fact and law that defendant's compensation practice is unlawful, defendant has been able to avoid liability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

for its unlawful policy because its employment contracts contain a mandatory arbitration clause that thwarts effective enforcement. This clause provides that:

> The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of my employment (or its termination), that the Company may have against me or that I may have against any of the following (1) the Company, (2) its officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary and affiliated entities, (4) the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates and agents, and/or (5) all successors and assigns of any of them.
>
> The only claims that are arbitrable are those that, in the absence of this Agreement, would have been justiciable under applicable state or federal law. The claims covered by this Agreement include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition); claims for benefits (except claims under an employee benefit or pension plan that either (1) specifies that its claims procedure shall culminate in an arbitration procedure different from this one, or (2) is underwritten by a commercial insurer which decides claims); and claims for violation of any federal, state, or other governmental law, statue, regulation or ordinance, except claims excluded in the section of this Agreement entitled "Claims Not Covered By The Agreement."
>
> Except as otherwise provided in this Agreement, both the Company and I agree that neither of us shall initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination to the Equal Employment Opportunity Commission, California Department of Fair Employment and Housing or similar fair employment practices agency, or an administrative charge within the jurisdiction of the National Labor Relations Board), in any way related to any claim covered by this Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

Dkt. # 6, Ex. A ("arbitration agreement"). Plaintiff does not dispute whether he signed the arbitration agreement, but denies that he understood its significance. He claims that no one at Leslie's explained that he was giving up his right bring claims against Leslie's in court.

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp., 460 U.S. 1, 24 (1983)).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. ----, 131 S. Ct. 1740, 1746 (2011).

### IV. ANALYSIS

Defendant argues that because plaintiff's claims concern "claims for wages or other compensation due," they are squarely within the scope of the parties' arbitration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

agreement. Additionally, defendant contends that because the agreement only encompasses claims that "the Company may have against me or that I may have against [the Company]," it only allows plaintiff to pursue individual claims in arbitration, not class claims or representative claims pursuant to California's Private Attorney General Act ("PAGA"), California Labor Code § 2698 et seq. In response, plaintiff does not contest whether the arbitration agreement, as written, encompasses his claims. Instead, plaintiff argues that, to the extent the arbitration agreement requires plaintiff to give up his right to pursue a class claim or a representative PAGA claim, the agreement is unenforceable. Additionally, plaintiff argues that under the California Supreme Court's decision in Broughton v. Cigna Healthplans of Cal., 21 Cal. 4th 1066 (1999), and Cruz v. PacifiCare Health Systems, Inc., 30 Cal. 4th 303 (2003), plaintiff's claims for injunctive relief are not arbitrable. The Court considers each of plaintiff's arguments in turn.

      **A.    Labor and Employment Class Actions Claims**

Plaintiff first argues that to the extent the arbitration agreement requires him to arbitrate his claims under state and federal employment law on an individual basis, and not a class basis, the agreement is unenforceable under Gentry v. Superior Court, 42 Cal. 4th 443, 453 (2007). In Gentry, the California Supreme Court held that a class action waiver in an employer-employee arbitration agreement is unenforceable as a matter of public policy if a court finds that "a class arbitration is likely to be a significantly more effective practical means of vindicating the rights of the affected employees than individual litigation or arbitration, and finds that the disallowance of the class action will likely lead to a less comprehensive enforcement of overtime laws for the employees alleged to be affected by the employer's violations." Id. at 463. The California Supreme Court explained that when determining whether to void a class action waiver under this standard, courts should consider several factors, including "the modest size of the potential individual recovery, the potential for retaliation against members of the class, the fact that absent members of the class may be ill informed about their rights, and other real world obstacles to the vindication of class members' right to overtime pay through individual arbitration." Id. Plaintiff asserts that each of these factors weigh in his favor, leading to the conclusion that the arbitration agreement cannot be enforced.

In opposition, defendant argues that Gentry is no longer good law in light of the Supreme Court's decision in AT&T Mobility v. Concepcion, 131 S. Ct. 1740 (2011). In Concepcion, the Court considered whether the FAA preempted a rule of California law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES – GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

announced in Discover Bank v. Superior Court, 36 Cal. 4th 148, 162 – 163 (2005). The Discover Bank rule applied in the context of litigation over consumer contracts, and provided that a class action waiver contained in a contract of adhesion is not enforceable where any individual recovery is small and the plaintiff alleges that the defendant has "carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money." Id. at 163. If those conditions are satisfied, the California Supreme Court held that the class action waiver is unconscionable because "the waiver becomes in practice the exemption of the party from responsibility for its own fraud, or willful injury to the person or property of another." Id. (citing Cal. Civ. Code § 1668).

      The United States Supreme Court held that the Discover Bank rule is preempted by the FAA. The Court began its analysis by reviewing 9 U.S.C. § 2, which only allows state law to invalidate an arbitration agreement "upon such grounds as exist at law or in equity for the revocation of any contract." Concepcion, 131 S.Ct. at 1746. The Court explained that this provision of the FAA not only preempts state rules that explicitly prohibit arbitration, but also prevents generally applicable doctrines such as unconscionability from being applied in a way that disfavors arbitration. Id. at 1747. The Court held that the Discover Bank rule fell into the latter category, as an instance of a state applying unconscionability in a way that disfavors arbitration. Specifically, the Court reasoned that because class arbitration is more complex, costly, and lengthy than individual arbitration, it "is not arbitration as envisioned by the FAA, lacks its benefits, and therefore may not be required by state law." Id. at 1753. In other words, because class arbitration is not truly "arbitration as envisioned by the FAA," state rules that mandate the availability of classwide proceedings disfavor arbitration and are therefore preempted by the FAA.

      In dissent, Justice Breyer observed that the Discover Bank rule was motivated by the practical reality that if class proceedings are not available in consumer fraud cases, many claims will not be litigated. Id. at 1761. The Court noted this concern, but explained that it was not relevant to the analysis because "States cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons." Id. at 1753.

      Several courts have concluded that the rule in Gentry is analogous to the Discover Bank rule, and therefore is preempted under Concepcion. See, e.g., Lewis v. UBS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

Financial Services, 818 F. Supp. 2d 1161, 1167 (N.D. Cal. 2011); Sanders v. Swift Transp. Co. of Arizona, LLC, 843 F. Supp. 2d 1033, 1037 (N.D. Cal. 2012). The Court agrees. Like the Discover Bank rule, Gentry mandates the availability of class proceedings due to a California public policy favoring class actions for claims which would not otherwise be adjudicated due to social and economic obstacles that discourage individual claims. As other decisions have recognized, Concepcion is clear that such rules are preempted because they disfavor arbitration by mandating the use of class action procedures inconsistent with the nature of arbitration "envisioned by the FAA." Foreclosing access to class proceedings may be contrary to California public policy, but state public policy cannot be invoked as a justification for mandating the use of procedures inconsistent with the FAA. Concepcion, 131 S. Ct. at 1753.

Plaintiff resists this conclusion on two grounds, both of which are legally unavailing. First, plaintiff argues that the rule in Gentry is distinct from the Discover Bank rule because it requires courts to make factual findings prior to invalidating a class action waiver, whereas the Discover Bank rule only required a plaintiff to make certain allegations. Nelsen v. Legacy Partners Residential, Inc., 207 Cal. App. 4th 1115, 1132 (2012) (declining to apply Gentry to invalidate a class action waiver because the plaintiff did not submit evidence that the relevant factors were satisfied); Discover Bank, 36 Cal. 4th at 163. This difference is not significant. At best, plaintiff's argument shows that Gentry mandates the availability of class proceedings in a narrower class of cases than Discover Bank. While it is true that one aspect of the Discover Bank rule that the Court found improper was its broad scope, Concepcion, 131 S. Ct. at 1750, the holding in Concepcion does not ultimately turn on the breadth of state law rules mandating the availability of class action procedures. Accordingly, the Court finds that Concepcion is applicable to the rule in Gentry even though it is narrower in scope than the Discover Bank rule.

Second, plaintiff argues that Gentry remains good law because its holding rests on the California Supreme Court's conclusion that, due to fear of retaliation, employment class actions are necessary to vindicate employees' statutory rights under California labor and employment law. Gentry, 42 Cal. 4th at 459 – 461. Plaintiff further argues that arbitration clauses are void if they operate as a waiver of a party's right to pursue statutory remedies. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628, 637 n. 19 (1985); Cole v. Burns Intern. Sec. Services, 105 F.3d 1465, 1482 (D.C. Cir. 1997) ("At a minimum, statutory rights include both a substantive protection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

and access to a neutral forum in which to enforce those protections."). Plaintiff concludes that because California policy recognizes that class actions are necessary for enforcing rights under California's labor and employment statutes, Gentry remains good law under the vindication of statutory rights doctrine.

The Court cannot accept this argument given the current state of the law. Under the FAA, a state cannot ensure the vindication of statutory rights by making class procedures available in certain categories of cases. Concepcion, 131 S.Ct. at 1753; American Exp. Co. v. Italian Colors Restaurant, — S.Ct. —, 2013 WL 3064410, at *5 – 6 (2013). States may retain some power to adopt rules regarding the adequacy of the arbitral forum, but states may not seek to have private plaintiffs vindicate public policies by mandating the availability of class proceedings. Italian Colors Restaurant, 2013 WL 3064410 at *4.

Therefore, the Court concludes that the rule announced in Gentry is preempted under the FAA, and accordingly does not provide grounds for invalidating the arbitration agreement.

### B. Claims under PAGA

In addition to pursuing class claims, plaintiff has asserted a representative claim under PAGA. Plaintiff argues that his representative PAGA claim is within the scope of the arbitration agreement, and therefore that this claim can proceed in arbitration. Alternatively, in response to defendant's contention that the arbitration agreement does not permit representative PAGA claims, plaintiff argues that if the arbitration agreement does not allow him to pursue representative PAGA claims, it is unenforceable.

Prior to considering the parties' arguments, the Court sets out background legal principles describing the unique form of representative actions created by the California Legislature through PAGA.

#### 1. Representative Actions under California's PAGA

California faced a budget shortfall in 2004 that led to understaffing in the Labor and Workforce Development Agency and insufficient resources to enforce the Labor Code. Ben Nicholson, Businesses Beware: Chapter 906 Deputizes 17 Million Private

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

Attorneys General to Enforce the Labor Code, 35 McGeorge L. Rev. 581, 584 (2004). To address these problems and ensure more vigorous enforcement of the labor and employment laws, the California Legislature passed PAGA. Id. PAGA allows an "aggrieved employee" to bring a lawsuit seeking civil penalties arising out of violations of the California Labor Code that could otherwise only be assessed and collected by California's Labor and Workforce Development Agency. Cal. Lab. Code § 2699(a). The California Legislature's purpose in creating this new claim was to create "an alternative private attorney general system for labor law enforcement." Dunlap v. Superior Court, 142 Cal. App. 4th 330, 337 (2006). In essence, PAGA "deputizes" employees by allowing them to pursue the same civil monetary penalties that, absent PAGA, would only be available to state law enforcement agents. Franco v. Athens Disposal Co., Inc., 171 Cal. App. 4th 1277, 1300 (2009). By deputizing aggrieved employees, the California Legislature intended to create incentives for non-governmental actors to enforce the law in a growing labor market that could not be effectively controlled by public agents. Dunlap, 142 Cal. App. 4th at 337.

A plaintiff proceeding under PAGA brings the action "on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699. As this provision makes clear, PAGA allows an employee to seek penalties arising out of class-wide violations of labor rights. Because a PAGA plaintiff brings the action on behalf of herself and other employees, courts routinely refer to PAGA claims as "representative" claims. See, e.g., Reyes v. Macy's, Inc., 202 Cal. App. 4th 1119, 1123 (2011). Allowing a PAGA plaintiff to bring a representative action touching upon the rights of a group of employees promotes PAGA's legislative purpose of bringing about meaningful, vigorous private enforcement of the California Labor Code. Id.; Brown v. Ralph's Grocery Co., 197 Cal. App. 4th 489, 501 – 502 (2011).

Since a representative action under PAGA allows an individual employee to seek monetary relief arising out of unlawful conduct directed at a group of employees, PAGA actions bear a superficial resemblance to a type of class action. There are, however, several factors distinguishing representative PAGA actions and class actions. First, a unique feature of a representative action under PAGA is that it is "fundamentally a law enforcement action designed to protect the public and penalize the employer for past illegal conduct." Franco, 171 Cal. App. 4th at 1300. The purpose is not to collect damages on behalf of other employees or provide restitution to victims of Labor Code violations. Id. Consistent with this purpose, seventy-five percent of the civil penalties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

recovered in a representative PAGA action are paid to the California Labor and Workforce Development Agency. Cal. Lab. Code § 2699(i). The remaining twenty-five percent of the penalties recovered are distributed to the aggrieved employees who initiated the claim under PAGA, not to the group of aggrieved employees on whose behalf the claim was prosecuted.[1]

Second, unlike a class action, a judgment or dismissal with prejudice in a representative PAGA action is not binding on non-party employees. Arias v. Superior Court, 46 Cal.4th 969, 975 (2009). This is because in a lawsuit brought under PAGA, "the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." Id. at 986. Consequently, the only parties bound by a PAGA lawsuit are the defendant, the private plaintiff, and the California Labor Workforce Development Agency. Id.[2] This holding is

---

[1] While the Court has not been presented with any case law or other authority directly addressing how penalties recovered by an employee are to be distributed, the best interpretation of PAGA is that the penalties not distributed to the Labor Workforce Development Agency are distributed to the individual employee who brought the action. The strongest consideration in favor of this interpretation is that the statute contains no provisions for distributing any portion of the recovery to non-party employees, even though PAGA contains detailed procedures setting out how a representative action is litigated. See Cal. Lab. Code § 2699.3. Moreover, the California Supreme Court has held that, under California law, non-party employees need not be given notice of representative actions under PAGA. See Arias, 46 Cal. 4th at 986 – 987. The lack of mandatory notice means that non-parties are never notified about their right to a portion of the recovery in a PAGA action, which implies that no such right exists. Furthermore, some courts seem to assume that the twenty-five percent recovery goes to the individual plaintiff. Adoma v. University of Phoenix, Inc., — F. Supp. 2d — , 2012 WL 6651141, at *10 n.5; Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1195 (2008). Finally, since the purpose of PAGA is to create incentives for private litigants to bring actions enforcing the Labor Code, not to provide restitution to aggrieved employees, rewarding prevailing litigants with a substantial recovery promotes PAGA's purpose. See Franco, 171 Cal. App. 4th at 1300.

[2] While absent parties seeking to enforce their individual rights under California's Labor Code are not bound by the judgment in a representative PAGA action, they are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | | JS-6 |
| Case No. | CV 13-2122 CAS (CWx) | | Date | June 25, 2013 |
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | | |

consistent with the theory underlying PAGA: the state – and not absent parties – is bound in PAGA litigation because a private plaintiff bringing a PAGA suit is acting as a private attorney general on behalf of the State of California, not as a representative of other employees.

Because a PAGA plaintiff is litigating the state's legal interest in collecting civil penalties, PAGA requires plaintiffs to notify the California Labor and Workforce Development Agency prior to bringing suit. Cal. Lab. Code § 2699.3. The Labor and Workforce Development agency then has an opportunity to investigate the alleged misconduct that the potential plaintiff has identified and issue a citation. Id. § 2699.3(b)(1) – (2). If an investigation takes place, the plaintiff is barred from bringing suit. Id. § 2699.3(b)(2)(A)(i).[3] If no investigation takes place, the potential employee must notify the employer about the alleged misconduct and give the employer an opportunity to cure any problems. Id. § 2699.3(c)(1) – (2).[4] If the employer does not adequately cure the violation, then the aggrieved employee may file a civil suit. Id. § 2699.3(c)(3). Under these provisions, the Labor and Workforce Development Agency retains substantial authority over investigations of labor violations, and the 'deputy' PAGA plaintiffs can only step in to enforce the law when public officials fail to act.

---

precluded from re-litigating PAGA claims for civil penalties. Arias, 46 Cal. 4th at 987. Additionally, if the plaintiff in a representative PAGA action is successful, other employees can benefit from the victory under the doctrine of collateral estoppel. Id. ("[I]f an employee plaintiff prevails in an action under the act for civil penalties by proving that the employer has committed a Labor Code violation, the defendant employer will be bound by the resulting judgment. Nonparty employees may then, by invoking collateral estoppel, use the judgment against the employer to obtain remedies other than civil penalties for the same Labor Code violations.").

[3] If an investigation occurs but no citation is issued, the potential plaintiff can challenge that decision in superior court. Cal. Lab. Code § 2699.3(b)(2)(A)(ii). The statute provides that the plaintiff may not bring a PAGA action if the court orders the Labor and Workforce Development Agency to issue a citation, but the statute does not specify whether the plaintiff can bring her own case if the court finds that no citation should have been issued.

[4] An employer may only take advantage of the cure provisions three times during a twelve month period for the same violations. Cal. Lab. Code § 2699.3(c)(2)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

Representative PAGA actions therefore are not a sub-species of class actions. Instead, representative PAGA actions are better characterized as a type "qui tam" action. See Rockwell Intern. Corp. v. United States, 549 U.S. 457, 462 n.2 (2007). In a qui tam action, a private party – often referred to as a relator – pursues a statutory claim on behalf of the government. If the relator prevails, the relator shares in the proceeds of the lawsuit with the government. Note, The History and Development of Qui Tam, 1972 Wash. U. L.Q. 81, 84 – 85 (1972). Although qui tam is a "creature of antiquity," qui tam actions are commonly used today to allow private plaintiffs to prosecute claims alleging fraud on the federal government under the False Claims Act ("FCA"). 31 U.S.C. § 3730 (qui tam provisions of the False Claims Act); Charles Doyle, Congressional Research Service, QUI TAM: THE FALSE CLAIMS ACT AND RELATED FEDERAL STATUTES 17 (2009), available at http://www.fas.org/sgp/crs/misc/R40785.pdf; David Freeman Engstrom, *Harnassing the Private Attorney General: Evidence from Qui Tam Litigation*, 112 Colum. L. Rev. 1244 (2012); see also Cal. Govt. Code § 12652 (California analogue to federal FCA qui tam provisions).[5] The policy underlying the qui tam provisions in the FCA is "the theory, based on experience as old as modern civilization, that one of the least expensive and most effective means of preventing frauds on the treasury is to make the perpetrators of them liable to actions by private persons acting, if you please, under the strong stimulus of personal ill will or the hope of gain." Hughes Aircraft Co. v. United States ex re. Schumer, 520 U.S. 939, 949 (1997) (quoting United States ex rel. Marcus v. Hess, 317 U.S. 537, 541 n.5 (1943)).

Two considerations show that representative actions under PAGA are, in essence, a form of qui tam action. The first is the remedy recovered in a PAGA action. Just as a qui tam relator seeks to recover funds on behalf of the government and then receive a portion of those funds as a bounty, a PAGA plaintiff pursues civil penalties on behalf of the government and receives a twenty-five percent portion of the recovered penalty as a

---

[5] While qui tam provisions are most commonly used in the context of actions brought based on alleged fraud on the government, California was not the first jurisdiction to use qui tam provisions to enforce labor laws. In Seventh Century England, King Wihtred of Kent issued a decree outlawing labor on the Sabbath, and this decree included qui tam provisions granting anyone uncovering a violation of this rule half of the fine imposed and any profits from the labor. Linda J. Stengle, *Rewarding Integrity: The Struggle to Protect Decentralized Fraud Enforcement Through the Public Disclosure Bar of the False Claims Act*, 33 Del. J. Corp. L. 471, 476 (2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

bounty. The second is that PAGA, like a set of qui tam provisions, does not create new substantive duties or new provisions under which liability can be found, but merely changes how existing rules are enforced. See Hughes Aircraft Co., 520 U.S. at 948 ("[T]he monetary liability faced by an FCA defendant is the same whether the action is brought by the Government or by a *qui tam* relator. . ."). Taking these considerations together, both PAGA actions and qui tam actions reward individuals for enforcing existing duties by creating monetary bounties. See Note, The History and Development of Qui Tam, 1972 Wash. U. L.Q. 81, 84 – 85 (1972) (describing qui tam plaintiffs as "a class of bounty hunters.").

The similarities between PAGA actions and qui tam actions show that an employee's rights under PAGA are substantive in nature, not procedural. The right of a relator to pursue a bounty under the qui tam provisions of the FCA has been characterized as a substantive right to pursue a claim for relief. Hughes Aircraft Co. 520 U.S. at 949 – 951; United States ex rel. Robinson v. Northrop Corp., 824 F. Supp. 830, 837 (N.D. Ill. 1993) ("The False Claims Act grants substantive rights to particular private citizens . . . . the plaintiffs bring this suit for themselves, as well as for the government * * * and seek to vindicate rights that Congress gave specifically to them . . .). Since a plaintiff's right under PAGA to pursue a bounty through a representative action is closely analogous to a qui tam relator's right to pursue a bounty, an aggrieved employee's rights under PAGA should also be characterized as substantive. By pursuing a claim arising out of the alleged Labor Code violations suffered by a class of employees, a PAGA plaintiff – operating "under the strong stimulus of personal ill will or the hope of gain" – seeks to vindicate her own right to a substantial portion of an award of civil penalties, not the rights of other employees. See Hughes Aircraft Co., 520 U.S. at 949.[6]

---

[6] Although the right to pursue a representative action under PAGA is a substantive right, the related question of whether or not a plaintiff pursuing such an action in federal court must satisfy the requirements of Rule 23 is a procedural question. See Fields v. QSP, Inc., 2012 WL 2049528 at * 4 – 5 (C.D. Cal. 2012). Additionally, the Court acknowledges that the California Supreme Court has stated, in a wholly distinct context, that PAGA is "simply a *procedural* statute allowing an aggrieved employee to recover civil penalties – for Labor Code violations – that otherwise would be sought by state labor law enforcement agencies." Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court, 46 Cal. 4th 993, 1003 (2009) (emphasis added). This case is not in conflict with the Court's characterization of PAGA. The feature of PAGA highlighted by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

    Through PAGA, then, California has adopted qui tam provisions that allow an employee to litigate claims for violation of the Labor Code in order to ensure more vigorous enforcement of its law and public policy. The question presented by this motion is whether an employee can waive his or her right to pursue such a claim by entering into an arbitration agreement, and whether such a claim can be pursued in arbitration.

    2.    Whether Plaintiff can Pursue a Representative PAGA Claim

    Defendant argues that the arbitration agreement, by its terms, does not permit plaintiff to pursue a representative claim under PAGA. Since the arbitration agreement only extends to claims "that the Company may have against [plaintiff] or that [plaintiff] may have against [the Company]," defendant argues that the agreement only covers claims involving plaintiff and defendant, not claims involving employees other than plaintiff. Consequently, defendant concludes that plaintiff cannot bring a representative PAGA claim in arbitration. Instead, defendant states that plaintiff may assert an "individual PAGA claim," through which plaintiff recovers civil penalties arising out of violations of his rights under the Labor Code.

    Defendant acknowledges that its position is inconsistent with the rule California law – announced in <u>Franco v. Athens Disposal Co.</u> – providing that a contract containing a waiver of the right to pursue a representative action under PAGA is unenforceable as contrary to public policy ("the <u>Franco</u> rule"). <u>Franco</u>, 117 Cal. App. 4th at 1303.[7] Defendant argues, however, that to the extent California law requires that a plaintiff be able to pursue a representative PAGA action rather than an individual PAGA action, it is preempted under <u>Concepcion</u>. According to defendant, under <u>Concepcion</u>, the FAA does not permit a state to mandate the availability of complex dispute resolution procedures

---

<u>Amalgamated</u> is that the statute creates no new legal duties for employers under the Labor Code. Instead, PAGA only creates a new mechanism for enforcing existing legal duties. Since this mechanism gives employees the affirmative right to recover penalties, however, it is nonetheless accurate to conclude that PAGA confers substantive rights to relief upon employees, even if it does not create any new duties for employers.

    [7] The <u>Franco</u> court reasoned that because the purpose of a representative action under PAGA is ensuring robust enforcement of California law, a waiver of the right to pursue a representative action improperly impedes California policy. <u>Franco</u>, 117 Cal. App. 4th at 1303.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

inconsistent with arbitration, regardless of the state's public policy. Quevedo v. Macy's, Inc., 798 F. Supp. 2d, 1122, 1141 – 42 (C.D. Cal. 2011); Grabowski v. Robinson, 817 F. Supp. 2d 1159, 1180 – 81 (S.D. Cal. 2011). The fact that California policy demands that plaintiff be able to act as a private attorney general is, according to defendant, beside the point because "States cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons." Concepcion, 131 S.Ct. at 1753.

Defendant's request, that the Court compel plaintiff to arbitrate an "individual PAGA claim," rests on a misconception of PAGA. While defendant appears to assume that PAGA claims can be brought in either an individual or representative capacity, PAGA does not recognize the existence of an individual claim. Urbino v. Orkin Services of California, Inc., 882 F. Supp. 2d 1152, 1167 (C.D. Cal. 2011) ("[T]here are no separate individual claims in a PAGA action; rather, the individual must bring a PAGA claim as a representative action on behalf of himself and other aggrieved employees."); Reyes v. Macy's, Inc., 202 Cal. App. 4th 1119, 1123 (2011) ("A plaintiff asserting a PAGA claim may not bring the claim simply on his or her own behalf but must bring it as a representative action and include other current or former employees."). The only claim PAGA permits a plaintiff to pursue is a claim for statutory penalties arising out of violations of the Labor Code allegedly suffered by a group of employees. Arias, 46 Cal.4th at 986. This is a straightforward consequence of PAGA's purpose of promoting the enforcement of California's labor laws, because an action asserting the rights of only one individual under the Labor Code will not have PAGA's intended punitive and deterrent effects. See Brown v. Ralphs Grocery Co., 197 Cal. App. 4th 489, 502 (2011). The Court is not free to rewrite California law by compelling plaintiff to arbitrate a claim for civil penalties only arising out of violations of his rights under the Labor Code.

More fundamentally, the Court rejects defendant's argument because the Franco rule is not preempted by the FAA. The Franco rule protects a plaintiff's right to pursue a representative PAGA action, either in court or in arbitration. Therefore, to the extent it invalidates an arbitration provision barring representative PAGA claims, it does so "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In fact, since the Franco rule exists to ensure that employees can pursue their substantive rights under PAGA, it promotes fundamental policies underlying the FAA. "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum. It trades the procedures and opportunity for review of the courtroom for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

the simplicity, informality, and expedition of arbitration." Mitsubishi Motors Corp., 473 U.S. at 628. By ensuring that an employee-plaintiff can assert a right to recover a bounty through a representative PAGA action in arbitration, the Franco rule ensures that an employee can assert the same right to recovery in the judicial and arbitral forums. If plaintiff is barred from pursuing a representative action under PAGA, he is wholly forbidden from asserting his right to pursue a twenty-five percent portion of the civil penalties recoverable by the government for labor code violations allegedly committed by defendant. Both the FAA and California law are inconsistent with this result. American Exp. Co. v. Italian Colors Restaurant, — S.Ct. —, 2013 WL 3064410, at *5 (2013) (arbitration provision need not be enforced to the extent that it "forbid[s] the assertion of certain statutory rights.").

The conclusion that the Franco rule is not preempted by the FAA is fully consistent with the Supreme Court's holding in Concepcion. Under Concepcion, the FAA prohibits states from enforcing their public policy through procedural mechanisms that are inconsistent with the nature of arbitration. Class action procedures impose a level of cost, formality, and complexity upon dispute resolution that the Concepcion Court found to be incompatible with arbitration under the FAA. This conclusion led the Court to hold that states could not require that class procedures be available in arbitration even if state public policy favored class proceedings for the enforcement of certain claims. Concepcion, 131 S.Ct. at 1753. Consequently, rules such as those announced by the California Supreme Court in Gentry and Discover Bank are preempted by the FAA because they attempt to enforce state policy through the procedural mechanism of a class action.

While PAGA, like the rules in Gentry and Discover Bank, exists to promote California's public policy in favor of the enforcement of California law, it is distinct because it executes this purpose by granting private plaintiffs substantive rights to relief through qui tam provisions. The fact that PAGA accomplishes state policy goals through granting substantive rights rather than access to procedures distinguishes the Franco rule from the rules in Gentry and Discover Bank, and leads to the conclusion that the Franco rule is not preempted under the analysis in Concepcion. Under Concepcion, the FAA is focused on preserving the procedural integrity of arbitration by preventing states from imposing costly, complex, and time consuming formalities upon the arbitration process. The FAA does not, however, place a categorical limit on a state's power to use private enforcement mechanisms to accomplish public policy goals above and beyond the

Case 2:13-cv-02122-CAS-CW   Document 16   Filed 06/25/13   Page 16 of 19   Page ID #:264

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

resolution of individual claims. Consequently, although the FAA preempts state law imposing the presence of certain procedures in the arbitration, the FAA does not preempt state laws ensuring that a plaintiff may assert substantive rights in arbitration.[8]

Certain courts have reached different conclusions in conflict with the Court's analysis, and found that because representative claims under PAGA increase the amount of damages at stake in a case and lead to a slower, more costly dispute resolution process, the Franco rule is inconsistent with arbitration. Quevedo, 798 F. Supp. 2d at 1142; Miguel v. JP Morgan Chase Bank, N.A., 2013 WL 452418, at *10 (C.D. Cal. 2013) ("[R]equiring requiring arbitration agreements to permit representative PAGA claims to go forward would be inconsistent with the Supreme Court's holding in Concepcion because it would sacrifice the advantages achieved by arbitration."). This reading interprets Concepcion as severely limiting a state's power to implement laws that utilize private claims for relief in the service of enforcing state law and policy. Any novel law granting an unwaivable right to pursue a complex claim is, on this analysis, void as inconsistent with the FAA, regardless of state policy. The Court does not read Concepcion so expansively. The Court finds that Concepcion is more narrowly focused on state rules regulating arbitration procedure, and does not touch upon a state's power to grant private litigants novel claims for relief – such as PAGA claims – that utilize private enforcement mechanisms to promote public policy.

Finally, it bears mentioning that the Court's decision does not rest on the notion that a plaintiff must retain the right to pursue a representative PAGA action in arbitration because representative actions are practically necessary for the effective vindication of plaintiff's rights. As the Supreme Court recently affirmed in Italian Colors Restaurant, courts cannot require the use of class or other special proceedings to ensure that a plaintiff can prosecute a claim that would otherwise be too costly or impractical to

---

[8] Other decisions have also recognized that representative PAGA actions are distinct from class actions, and have therefore declined to extend the holding of Concepcion to PAGA cases. Brown, 197 Cal. App. 4th at 503 ("United States Supreme Court authority does not address a statute such as the PAGA, which is a mechanism by which the state itself can enforce state labor laws, for the employee suing under the PAGA does so as the proxy or agent of the state's labor law enforcement agencies."); Urbino, 882 F. Supp. 2d at 1167 ("[Concepcion] concerned the enforceability of a consumer class arbitration waiver, rather than a representative PAGA claim waiver.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

litigate. Italian Colors Restaurant, 2013 WL 3064410, at * 5 – 6. Here, however, the issue is not whether plaintiff will have access to an effective method of vindicating his rights under PAGA. If plaintiff cannot pursue a representative PAGA action, he will have been forbidden any means of asserting his right to seek the twenty-five percent share of civil penalties that he is entitled to pursue under California law. The Court's conclusion therefore does not rest on the continuing vitality of the "effective vindication" doctrine, which was limited by Italian Colors Restaurant. See id.

Accordingly, the Court rejects defendant's argument that, under Concepcion, the Court should compel plaintiff to arbitrate an "individual PAGA claim." The remaining issue to decide is whether plaintiff should be compelled to arbitrate his representative PAGA claim, or whether it must proceed in this Court. As mentioned above, the parties' arbitration agreement is broad, extending to all claims "that the Company may have against [plaintiff] or that [plaintiff] may have against the Company."

When parties have agreed to arbitrate all of their disputes, it is improper to infer, from this fact alone, that their agreement encompasses class claims. Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 130 S.Ct. 1758, 1775 (2010). "This is so because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." Id. Among other differences, when class arbitration takes place, the rights of several absent parties are adjudicated in a single arbitration, necessitating the use of complex proceedings. Id. at 1776. This reasoning does not, however, apply when considering whether an agreement to arbitrate encompasses representative PAGA claims. As discussed in detail above, unlike class claims, PAGA claims do not bind absent employees, and hence do not require the complex proceedings that must be used when binding absent class members. Arias, 46 Cal. 4th at 975.

Accordingly, an agreement to arbitrate a representative PAGA claim can be inferred solely from an agreement to arbitrate claims arising out of employment.[9] The

---

[9] Of course, where an agreement specifically states that the parties have not agreed to arbitrate representative PAGA claims, a Court cannot compel such claims to arbitration. See, e.g., Brown v. Superior Court, — Cal. Rptr. 3d. —, 2013 WL 2449501, at *11 (Cal. Ct. App. 2013) ("There is no basis for requiring arbitration of the claim on a representative basis because defendant has not agreed to arbitrate any representative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

Court therefore finds that plaintiff's representative PAGA claim falls within the scope of the arbitration agreement. Since plaintiff's representative PAGA claim is a not akin to a class claim, but is instead a claim seeking individual relief in the form of a twenty-five percent share of penalties otherwise recoverable by the State of California, plaintiff's PAGA claim is nothing more than "a claim that [plaintiff] may have against the Company." Plaintiff should be compelled to arbitrate his representative PAGA claim.

### C.     Claim for Injunctive Relief

Under the Broughton-Cruz rule, California law provides that claims for public injunctive relief brought under the UCL must be adjudicated in a court, not before an arbitrator. Cruz, 30 Cal. 4th at 315. "The central premise of Broughton–Cruz is that the judicial forum has significant institutional advantages over arbitration in administering a public injunctive remedy, which as a consequence will likely lead to the diminution or frustration of the public benefit if the remedy is entrusted to arbitrators." Kilgore v. Keybank, Nat. Ass'n, — F.3d —, 2013 WL 1458876, at *5 (9th Cir. 2013). Under the Ninth Circuit's decision in Davis v. O'Melveny & Myers, claims for public injunctive relief under the UCL and California's Labor Code are subject to the Broughton-Cruz rule, and hence are not arbitrable. 485 F.3d 1066, 1082 (9th Cir. 2007).

Following the Supreme Court's decision in Concepcion, courts have questioned the continuing vitality of the Broughton-Cruz rule. See, e.g., Arellano v. T-Mobile USA, Inc., 2011 WL 1842712, at *2 (N.D. Cal. 2011).[10] The Court agrees with these decisions. "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." Concepcion, 131 S.Ct. at 1747. Moreover, even though California public policy favors a judicial as opposed to an arbitral resolution of claims for public injunctive relief, this state public policy cannot override the FAA. Id. at 1753; see also Italian Colors Restaurant, 2013 WL 3064410, at *4.

---

actions.").

[10] The Ninth Circuit has yet to address whether the Broughton-Cruz rule is still good law. Kilgore, 2013 WL 1458876 at *5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-2122 CAS (CWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | KEITH CUNNINGHAM V. LESLIE'S POOLMART, INC. ET AL. | | |

Accordingly, the Court concludes that plaintiff's claim for injunctive relief is subject to arbitration.[11]

## V.    CONCLUSION

In accordance with the foregoing, defendant's motion to compel arbitration is hereby granted in part and denied in part.  Defendant's motion is denied insofar as it seeks an order preventing plaintiff from pursuing a representative PAGA claim in arbitration.  Otherwise, defendant's motion is granted, and plaintiff's claims must proceed in arbitration.  These proceedings are hereby STAYED pending the completion of arbitration.  The parties are ORDERED to file a joint status report regarding the posture of the arbitration every one hundred and eighty days from the date of this order, and within twenty days of the resolution of the arbitration.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[11] Plaintiff makes one additional argument, which is unavailing.  Plaintiff argues that a waiver of the right to pursue a labor and employment class action is void under the National Labor Relations Act, 29 U.S.C. § 141, et seq ("NLRA"), and concludes that he may pursue an action under the UCL seeking to enforce his rights under the NLRA.  While this argument has been accepted by the National Labor Relations Board, D.R. Horton Inc., 357 N.L.R.B. No. 184 (January 3, 2012), it has been rejected by courts, who have found that there is no reason to interpret the NLRA to override the FAA.  Jasson v. Money Mart Exp., Inc., 879 F. Supp. 2d 1038, 1047 (N.D. Cal. 2012); Morvant v. P.F. Chang's China Bistro, Inc., 870 F. Supp. 2d 831, 842 – 845 (N.D. Cal. 2012).