1

JS-6

2

3

4

5

6

7

8

9

10

11 **IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

12

13

14 KEITH CUNNINGHAM, an
individual, on behalf of himself, and
15 on behalf of all persons similarly
situated,

16                Plaintiff,

17       v.

18 LESLIE'S POOLMART, INC., a
Delaware Corporation; and DOES 1
19 through 50,
                Defendants.

20

21

Case No.  **CV 13-02122-CAS (CWx)**

**[PROPOSED] ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT**

Hearing Date:   April 18, 2016
Time:           10:00 a.m.
Courtroom:      5 – 2nd Floor
Judge:          Hon. Christina A. Snyder

22

23       This matter having come before the Court on April; 18, 2016 for Final

24 Approval Hearing regarding the Stipulation of Class Settlement and Release

25 ("Stipulation" or "Settlement Agreement") between Plaintiff Keith Cunningham

26 and Plaintiff Ramphis Martinez ("Plaintiffs") and Defendant Leslie's Poolmart, Inc.

27 ("Defendant"), due and adequate notice having been given to members of the

28 Settlement Class as required by the Court's Order Granting Preliminary Approval

1

of Class Action Settlement dated November 30, 2015 ("Preliminary Approval Order") [Doc. No. 21], and the Court having considered all the papers filed and proceedings herein, having received no objections to the Settlement, having determined that the proposed Settlement is fair, adequate and reasonable, and otherwise being fully informed, good cause appearing.

**IT IS THEREFORE ORDERED THAT:**

1.      All terms used herein and not otherwise defined shall have the same meaning as given in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this proceeding and over all parties to this proceeding, including all Settlement Class Members.

3.      The Court hereby certifies the following Settlement Class for purposes of this settlement only:

> All non-exempt employees employed by Leslie's Poolmart, Inc. in the state of California during the period of February 13, 2009 to June 30, 2015.

4.      Distribution of the Notice and Claim Form ("Notice Packet") to the Class Members as set forth in the Settlement Agreement and confirmed in the Claims Administrator's declaration, has been completed in conformity with the Preliminary Approval Order and constitutes the best notice practicable under the circumstances.  The Court hereby finds that the Notice Packet provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the material terms of the Settlement Agreement.  The Court also finds that the Notice Packet provided adequate and appropriate notice to all persons entitled to such notice, and therefore fully satisfied the requirements of due process.  All Class Members who have not opted out and all Class Member Released Claims are covered by and included within the Settlement Agreement and within this Final Approval Order.

5.      The Court hereby finds the Settlement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that Plaintiffs have

2

1    satisfied the standards and applicable requirements for final approval of this class

2    action settlement under Federal Rule of Civil Procedure 23.  The Settlement is the

3    product of extensive and costly investigation by both parties, and that settlement at

4    this time provides substantial benefit to the class as it avoids additional substantial

5    costs and delay and risk presented by further prosecution of this action.

6         6.    Upon review of the record, particularly the declaration of the Claims

7    Administrator and the Motion for Final Approval, the Court hereby finds that the

8    Settlement Agreement is, in all respects, fair, adequate and reasonable, and

9    therefore approves the Settlement.  The Court has come to this determination

10   pursuant to the factors outlined in cases such as *Hanlon v. Chrysler Corp*., 150 F.3d

11   1011, 1026 (9th Cir. 1998), including but not limited to consideration of:  the state

12   of the law governing the issues in this case and the likelihood of success; the

13   amount of the settlement; the sophistication of, and level of information available

14   to, Class Counsel; the level of participation among Class Members; and the lack of

15   objectors, among other factors.

16        7.    The Court directs the parties to effectuate the settlement terms as set

17   forth in the Settlement Agreement.    The Court also directs the Claims

18   Administrator to calculate and pay the claims of all Class Members who filed

19   timely claims in accordance with the terms set forth in the Settlement Agreement.

20        8.    Any Class Member who failed to file a Claim Form, or filed or files an

21   untimely Claim Form – and who did not timely opt out – will not receive a share of

22   the Net Settlement Amount but will be bound by the Settlement, pursuant to

23   Paragraph 14 of this Order.

24        9.    The Court hereby confirms Blumenthal, Nordrehaug & Bhowmik as

25   Class Counsel for settlement purposes.

26        10.   Pursuant to the terms of the Settlement, and the authorities, evidence,

27   and argument set forth in Class Counsel's application, an award of attorneys' fees

28   in the aggregate amount of One Hundred Fifty Thousand Dollars ($150,000.00)

which is 25% of the Maximum Settlement Amount, and for costs and litigation expenses in the amount of $20,847.08 as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby approved.  The payment to Class Counsel shall only be made in accordance with the terms set forth in the Settlement Agreement.

11.     A payment to the Claims Administrator in the amount of $17,000 is similarly approved.  The payment to the Claims Administrator shall only be made in accordance with the terms set forth in the Settlement Agreement.

12.     The Court also hereby approves Plaintiffs as the Class Representatives and approves payment of the agreed Service Awards to the Plaintiffs in the amount of ten thousand dollars ($10,000) each for their service and the risks undertaken as the Class Representatives and for their execution of a general release of all claims. The Service Award shall only be paid in accordance with the terms set forth in the Settlement Agreement.

13.     The Court also hereby approves the settlement of the California Labor Code § 2699 claims alleged in the Litigation and the allocation of ten thousand dollars and no cents ($10,000.00) to settle these claims, pursuant to California Labor Code § 2699(l).  Of that amount, and in accordance with California Labor Code § 2699(i), 75%, or Seven Thousand Five Hundred dollars and no cents ($7,500.00) shall be paid to the State of California LWDA in accordance with the terms set forth in the Settlement.  The remaining 25%, or Two Thousand Five Hundred dollars and no cents ($2,500.00) shall be added to the Net Settlement Amount in accordance with the terms set forth in the Settlement Agreement.  These payments shall only be made in accordance with the terms set forth in the Settlement Agreement.

14.     As of the Effective Date as defined in the Settlement, each and every Class Member Released Claim of each Settlement Class Member is and shall be deemed to be conclusively released as against the Releasees (as defined in the

4

1  Settlement Agreement) for the entirety of the Class Period.   Except as such rights
2  or claims that may be created by the settlement, as of the Effective Date, all
3  Settlement Class Members are hereby forever barred and enjoined from prosecuting
4  any of the Class Member Released Claims against any of the Releasees.

5       15.      Neither the Settlement nor any of the terms set forth in the Settlement
6  Agreement constitute an admission by Defendant of any liability whatsoever to the
7  Plaintiffs or any Settlement Class Member, nor does this Final Approval Order
8  constitute a finding by the Court of the validity of any of the claims alleged by
9  Plaintiffs in the Litigation, or of any liability of Defendant.   This Order, the
10  Settlement Agreement, any action taken to carry out the Settlement,  any document
11  referenced to herein or filed in connection herewith, and the exhibits thereto, and
12  any negotiations or proceedings related thereto:  (i) shall not be construed as, or
13  deemed to be evidence of, or an admission or concession with regard to the denials
14  or defenses by Defendant; and (ii) shall not be offered in evidence in any action or
15  proceeding against the Parties in any court, administrative agency, or other tribunal
16  for any purpose whatsoever.  Nothing in this paragraph, however, shall be deemed
17  to preclude the parties from introducing this Order, the Settlement Agreement
18  and/or exhibits, and any other papers and records on file in the Action, to enforce
19  the Settlement Agreement and/or any orders of this Court, and/or in any other
20  litigation as evidence of the Settlement by Defendant to support a defense of res
21  judicata, collateral estoppel, release, or other theory of claim or issue preclusion or
22  similar defense as to the Class member Released Claims.

23       16.      If the Settlement does not become final and effective in accordance
24  with its terms, this Final Approval Order and all orders entered in connection
25  herewith shall be vacated and shall have no further force or effect.

26       17.      Without affecting the finality of the Settlement or the dismissal of this
27  action, this Court shall retain exclusive and continuing jurisdiction over the present
28  action and the parties, including all Settlement Class Members, for purposes of

1    enforcing and interpreting the Settlement Agreement, this Final Approval Order,
2    and the claims process established therein.

3        18.      The Court hereby enters judgment in this action pursuant to the terms
4    of the Settlement Agreement and dismisses the above-captioned action with
5    prejudice.

6

7    **IT IS SO ORDERED.**

8

9

10   DATED: April 18, 2016   _____ *Christine A. Snyder* _____

11                           HON. CHRISTINA A. SNYDER
12                           UNITED STATES DISTRICT COURT